

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

| | |
|---|---|
| 970 Broad Street, Suite 700<br>Newark, New Jersey 07102 | *general number*:  (973) 645-2700<br>*telephone*: (973) 645-2829<br>*fax:* (973) 297-2010<br>*e-mail: jordan.anger@usdoj.gov* |

March 1, 2012

**VIA ECF & HAND DELIVERY**

Hon. Esther Salas                                   Hon. Dennis M. Cavanaugh
United States District Judge                        United States District Judge
Martin Luther King, Jr. Courthouse                  Post Office Building & Courthouse
50 Walnut Street                                    50 Walnut Street
Newark, New Jersey 07101                            Newark, New Jersey 07101

Hon. Cathy L. Waldor
United States Magistrate Judge
Martin Luther King, Jr. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   Nationwide Ambulance Services, Inc.  v. Safeguard Services, L.L.C.
      Civil Action No. 2:12-cv-0830 (ES)

      Nationwide Ambulance Services, Inc.  v. Kathleen Sebelius, Secretary
      United States Department of Health and Human Services, Highmark Medicare
      Services, Inc. and Safeguard Services, L.L.C.
      Civil Action No. 2:11-cv-5213 (DMC)

Your Honors:

      We represent the United States of America in the above-referenced matters[1] and write to bring a matter of concern to the Courts' attention in order to seek guidance as to how to proceed.  The Plaintiff in both of the above-referenced actions has filed duplicative actions in this District seeking similar relief.  The United States believes, as explained below, that Plaintiff's actions in voluntarily dismissing the first action -- after being denied a preliminary injunction and then seeking to amend its complaint -- constitutes a waste of judicial economy and "judge shopping."  Accordingly, the United States will request that the second-filed action be transferred to Judge Cavanaugh for proper and efficient disposition.

---

[1] Nothing in this letter should be construed as a waiver by any party, including a waiver of service of process or personal jurisdiction.

Procedural History

Plaintiff Nationwide Ambulance Services, Inc. ("Nationwide"), a New Jersey corporation, is a provider of ambulance services. See Dkt. #1, ¶¶ 4, 9.[2] On September 9, 2011, Nationwide filed a complaint "demand[ing] an injunction and recovery of damages against Safeguard" Services, L.L.C. ("Safeguard"). Id. ¶5. Safeguard is a contractor responsible for reviewing billing with the Centers for Medicare and Medicaid Services ("CMS"), a division of the United States Department of Health and Human Services ("HHS"). Id. ¶ 8.

Nationwide's first-filed complaint alleges, inter alia, "unlawful and tortious interference with Nationwide's prospective economic advantage. . . ." Id. ¶ 5. Specifically, Nationwide alleges that Safeguard, in its role as a contractor, had placed Nationwide in a pre-pay audit and recommended that Highmark Medicare Services ("Highmark") not make certain payments to Nationwide for services that Safeguard believed were being improperly billed to Medicare. Id. ¶¶ 12-13. Despite explicitly discussing HHS and Highmark in the complaint, Nationwide did not name either entity and concluded in a certification that "all known necessary parties have been joined." Id. at 15.

On September 13, 2011, prior to serving Safeguard with the complaint, Nationwide filed a motion for a preliminary injunction. See Dkt. #5. The very next day, Nationwide filed an "Emergency Motion for Order to Show Cause." See Dkt. #6. Notably, in its motion, Safeguard acknowledged that it was "not seeking to shortcut the administrative process to arrive at an early determination of its rights to collect payment" because "Nationwide appreciates that such a suit would be barred by the provisions of 42 U.S.C. § 405(h)." See Dkt. # 5-1 at 20-21.

The United States Attorney's Office, District of New Jersey, appearing for Safeguard, opposed the preliminary injunction and cross-moved for summary judgment. See Dkt. 12. The United States argued, inter alia, that the Court lacked subject matter jurisdiction to consider the preliminary injunction -- and the entire action against Safeguard -- because Nationwide had failed to exhaust administrative remedies and the entire action -- while nominally complaining about Safeguard -- was an action against HHS. See generally id.

On September 30, 2011, Nationwide filed a reply in further support of its motion for a preliminary injunction arguing that the action was not against HHS (Dkt. # 15) and on October 6, 2011 Judge Cavanaugh held oral argument to consider the motions (Dkt. # 19). The next day, Judge Cavanaugh issued an order and opinion denying Nationwide's motion finding that the Court lacked subject matter jurisdiction. See Dkt. #20. Accordingly, the Court granted Safeguard "leave to renew and resubmit the cross-motion to dismiss and for summary judgment." Id. at 1.

---

[2] All citations to the docket refer to 2:11-cv-5213 unless otherwise noted.

On October 11, 2011, Safeguard renewed its motion to dismiss for a lack of subject matter jurisdiction. See Dkt. # 23. On November 21, 2011, Nationwide filed a brief opposing Safeguard's motion to dismiss and cross-moving for leave to amend the complaint. See Dkt. # 28. Specifically, Nationwide renewed its arguments in support of the preliminary injunction arguing subject matter jurisdiction existed and -- alternatively -- sought to amend its complaint to name the Secretary of HHS and bring an action for a writ of mandamus. Id. at 27-33. On December 23, 2011, Safeguard filed a reply in further support of the motion to dismiss and in opposition to Nationwide's motion to amend. See Dkt. # 29. Specifically with regard to the cross-motion to amend, Safeguard argued that Nationwide's proposed amendment would be futile because the mandamus claim, in actuality, sought injunctive relief and not enforcement of a non-discretionary duty of the Secretary of HHS. Id. at 14-20.

After those cross-motions were fully briefed and pending before Judge Cavanaugh, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil 41(a)(1)(A)(i) seeking dismissal without prejudice. See Dkt. 30. Before Safeguard had the opportunity to respond, on January 31, 2012, Judge Cavanaugh issued an order dismissing the action without prejudice pursuant to F.R.C.P. 41(a)(1)(A)(i). See Dkt. 31.

On February 13, 2012, less than two weeks after Judge Cavanaugh's order granting the voluntary dismissal, Plaintiff filed a complaint against Safeguard, HHS and Highmark "for relief in the nature of mandamus." See 2:12-cv-0830 (Dkt # 1). In this second-filed complaint, Nationwide -- contradicting its previous position -- now alleges that Safeguard (as well as Highmark) are agents of HHS and that their acting in that capacity is authorized under federal law. Id. ¶¶ 6-7.

The "mandamus" relief Nationwide now seeks is to order Highmark to "approve [certain types of] Nationwide's claims for reimbursement" without any review or delay. Id. ad damnum (a). The relief sought in this second-filed complaint is precisely the relief Nationwide sought through the cross-motion to amend the first-filed complaint (see Dkt. # 28 at 27-33) and which Safeguard opposed as futile in briefing before Judge Cavanaugh (see Dkt #29 at 14-20). Further, this is precisely the relief that Nationwide has admitted would lack subject matter jurisdiction and "would be barred by the provisions of 42 U.S.C. § 405(h)." See Dkt. # 5-1 at 21.

Relief Sought By The United States

The United States seeks two forms of relief and requests the Courts' guidance in the manner in which it should most efficiently apply for that relief.

First, the United States seeks that the second-filed action (2:12-cv-0830) be heard by Judge Cavanaugh. It is apparent that Nationwide's last-minute voluntary dismissal and almost immediate re-filing was done in anticipation of a presumed negative decision from Judge Cavanaugh. The issue of Nationwide's request to amend the complaint to seek mandamus relief

was fully briefed and pending before that Court. Both Nationwide's "judge shopping" and attempt at a second bite of the apple by its last minute dismissal and immediate re-filing is improper and a waste of judicial economy, as well as the attorney resources of the parties.

Second, the undersigned counsel, as representative of Safeguard, seeks that all actions against Safeguard be dismissed. Nationwide's voluntary dismissal pursuant to F.R.C.P. 41(a)(1)(A)(i) was filed well after Safeguard cross-moved for summary judgment. Compare Dkt. 12 with Dkt. # 30. F.R.C.P. 41(a)(1)(A)(i), however, is limited to only "before the opposing party serves either an answer or a motion for summary judgment . . . ." As Safeguard had already filed a summary judgment motion, Nationwide's notice of voluntary dismissal should be construed as being with prejudice.

Alternatively, as the second-filed action also names Safeguard, pursuant to F.R.C.P. 41(d), whichever judge presides over this action should award Safeguard "all or part of the costs of the previous action" and "stay the [new] proceedings until the plaintiff has complied."

<u>Conclusion</u>

Accordingly, the United States seeks the guidance of the Courts in how to proceed so as to have this matter decided in a proper and efficient manner without the continuing waste of judicial economy and attorney resources.

                Respectfully submitted,

                PAUL J. FISHMAN
                United States Attorney

By:   */s/ Jordan M. Anger*
      JORDAN M. ANGER
      Assistant United States Attorney

cc:    Jeffrey P. Blumstein, Esq. (via ECF only)
       William A. Romaine, Esq. (via ECF only)