NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONWIDE AMBULANCE SERVICES, INC., <br>     Plaintiff, <br><br> v. <br><br> SAFEGUARD SERVICES, LLC, <br>     Defendant. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 11-cv-5213 (DMC - MF) |
| NATIONWIDE AMBULANCE SERVICES, INC., <br>     Plaintiff, <br><br> v. <br><br> KATHLEEN SEBULIUS, HIGHMARK MEDICARE SERVICES, INC., and, SAFEGUARD SERVICES, LLC., <br>     Defendants. | Civil Action No. 12-CV-0830 (ES - CLW) |

DENNIS M. CAVANAUGH, U.S.D.J.:

Nationwide Ambulance Services, Inc.'s ("Plaintiff," alternatively "Nationwide") commenced these causes of action against SafeGuard Services, LLC ("SafeGuard" and "Defendant"). Plaintiff filed a second action against SafeGuard, naming Kathleen Sebulius [sic] and Highmark Medicare Services, Inc. as additional Defendants ("Second-Filed Action"). This Court ordered dismissal without prejudice of the earlier filed case (Docket No. 11-cv-5213) on January 31, 2012, pursuant to Plaintiff's filing under FED. R. CIV. P. 41. Following commencement of the Second-Filed Action based on the same facts as the

earlier filed case, Defendant filed to reopen the earlier action. Additionally, Defendant seeks consolidation of these two cases.

**I.     BACKGROUND**

Nationwide is a New Jersey ambulance service provider headquartered in Cranford, New Jersey. (Pl.'s Compl. 1, Sept. 9, 2011, ECF No. 1). SafeGuard is a Delaware Limited Liability Company and Medicare contractor headquartered in Miramar, Florida. Id. Nationwide renders non-emergency, scheduled, repetitive ambulance services to dialysis patients for transportation between their residences and the nearest dialysis center for dialysis therapy. Initial payments for services under Medicare are ordinarily made as long as the claim contains no irregularities on its face. SafeGuard is a designated Program Safeguard Contractor ("PSC") specifically contracted to review and investigate claims with a focus on preventing fraudulent claims or claims resulting from errors in processing. (Def.'s Mot. Opp. 10, Sept. 26, 2011, ECF No. 12). SafeGuard serves as an intermediary between a service provider, such as Nationwide, and a Medicare Administrative Contractor ("MAC") such as Highmark Medicare Services ("Highmark"). Id. at 16. Highmark determines overpayments and underpayments to suppliers and is the party who actually makes payments on claims. Id. at 11. Nationwide argues that SafeGuard interfered with their right to receive Medicare payments from Highmark. (Pl.'s V. Compl. at 10).

Nationwide had, at points, been receiving reimbursement payments regularly from Highmark under the Medicare program. On January 13th, 2011, CMS notified Nationwide that "the PSC for New York and New Jersey" would be conducting a "pre-payment process. . . to ensure that all payments made by the Medicare program are appropriate and consistent with Medicare policy" (the "pre-payment audit"). (Pl.'s V. Compl. Ex. A). As of September 20, 2011, 950 claims had been reviewed by SafeGuard as part of the pre-payment audit. (Ilg Cert. ¶ 15, Sept.13, 2011; Baldwin Cert. ¶ 35, Sept. 26,

2011). Of 950 claims, 875 had been denied (92.1%) by Highmark based on SafeGuard's recommendation. Id.

Previously, in 2008, Nationwide underwent a pre-payment audit resulting in denial of claims for want of evidence beyond a physician's Certificate of Medical Necessity ("CMN"). Plaintiffs brought suit alleging that denial of claims was unfounded and violative of federal statutes guiding medicare payments (Docket No. 11-cv-5213) (hereinafter, the "First-Filed Action"). In part because Plaintiff conceded that administrative remedies on appeal had not been exhausted, this Court found that it lacked jurisdiction to handle Plaintiff's claims.

Plaintiff then moved to dismiss the complaint voluntarily. This Court signed and filed the order, dismissing without prejudice and closing the case (ECF No. 31). On February 13, 2012, Plaintiff filed a strikingly similar complaint. The case was assigned to the Honorable Judge Esther Salas (Docket No. 12-cv-830) (hereinafter, "Second-Filed Action"). On April 25, 2012, Defendant filed a "motion to stay or, alternatively, to extend Defendants' time to answer, move or otherwise respond to the complaint" (hereinafter the, "Motion to Stay") pending our decision on the instant motion. The Motion to Stay was referred to Magistrate Judge Cathy L. Waldor, who granted in favor of Defendants, staying the Second-Filed Action.

This Court presently has before it Defendant's motion to reopen the case and consolidate the two similar matters.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 42 grants this Court the authority to consolidate actions involving a common question of law or fact. The rule is buttressed by Third Circuit precedent which confers a "broad power," upon a district court, "whether at the request of a party or upon its own initiative, to consolidate causes

for trial as may facilitate the administration of justice." Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc., 339 F.2d 673, 675 (3d Cir. 1964). Consolidation serves the interests of judicial efficiency, prevents duplicative motion practice, and avoids conflicting decisions of law on the same facts. Knox v. Samsung Elecs. Am., Inc., 2009 WL 1810728, at *11 (D.N.J. June 25, 2009).

### III.   DISCUSSION

In the instant motion, Defendant argues that Plaintiff's voluntary dismissal under FED. R. CIV. P. 41 was pre-textual constituting a "blatant act of judge-shopping," given that Plaintiff re-filed the same action less than two weeks after filing for voluntary dismissal. (Def.'s Mot. Reopen 2, April 12, 2012, ECF No. 36-1). Plaintiff responds that the voluntary dismissal cannot be deemed "fraudulent," and further that the dismissal order was not entered in error because there was in fact no summary judgment motion pending in the instant action. (Pl.'s Resp. 4, May 7, 2012, ECF No. 40). Plaintiff does not object to consolidation, however, at the same time argues that it would not be appropriate to reinstate the previously dismissed action. Id. at 8.

It is clear that Plaintiff wants to be heard again in this Court. Considering this Court dismissed without prejudice, it is suspicious that Plaintiff chose to file for voluntary dismissal and refile, rather than filing an amended complaint in the instant action. It appears that Plaintiff found the First-Filed Action terminal, but confusingly filed a complaint based on the same issue in the Second-Filed Action. Putting that aside, this Court recalls its holding, after hearing oral argument from both parties, that jurisdiction was lacking in this matter. Given that conclusion and the similarity of the complaint in the Second-Filed Action, it is hard to imagine Plaintiff's Second-Filed Action not facing the same jurisdictional bars. Still, if Plaintiff insists on what appears at first blush to be rehearing of the matter, it would be entirely inefficient for another Judge in this vicinage to review the same facts and arguments. This Court is

familiar with the facts and arguments at issue, having read all of the papers including an emergent application and a cross-motion for summary judgment and to dismiss Plaintiff's complaint.

Defendant contends that the voluntary dismissal was void ab initio since a motion for summary judgment was served, however, the motion to which Defendant refers was handled by this Court in the October 7th, 2011 Opinion (hereinafter, "October 7th Opinion"). Concluding that jurisdiction was lacking, this Court was precluded from making further findings on either the cross-motion for summary judgment or the motion to dismiss in the October 7th Opinion. This Court denied Plaintiff's motion for a preliminary injunction and order to show cause and granted Defendant leave to re-submit dispositive motions in the instant matter. Defendant then filed a motion to dismiss at document number 23 evincing, among other things, the understanding that the earlier filed cross-motion for summary judgment and motion to dismiss filed were no longer pending review.

Though this Court does suspect that the result of reassignment of the Second-Filed Case to another Judge was not unwanted by Plaintiff, this Court finds it proper to reopen the case for other reasons. Rather than finding the voluntary dismissal void ab initio or fraudulently filed, this Court finds it appropriate to vacate the dismissal for purposes of consolidation to avoid duplicative litigation. The matter currently pending before Judge Salas (Docket No. 12-cv-0830) is hereby consolidated into this earlier filed matter. The complaint filed in the Second-Filed Action shall be considered an amended complaint in the consolidated action. All subsequent motions are to be filed in the consolidated action at Docket No. 11-cv-5213.

**IV.     CONCLUSION**

Based on the foregoing, and for the reasons herein expressed, Defendant's motion to reopen the matter and consolidate the case with Docket number 12-cv-830 is **granted**. An appropriate order, filed on this day, accompanies this opinion.

S/ Dennis M. Cavanaugh<br>
Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | August  22 , 2012 |
| Orig.: | Clerk |
| cc: | All Counsel of Record |
| | Mark Falk, U.S.M.J. |