NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONWIDE AMBULANCE SERVICES, INC. a New Jersey Corp., <br><br> Plaintiff, <br><br> v. <br><br> KATHLEEN SEBELIUS, SECRETARY UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICE; HIGHMARK MEDICARE SERVICES, INC., AND SAFEGUARD SERVICES, L.L.C., <br><br> Defendant. | Hon. Dennis M. Cavanaugh <br><br> **OPINION** <br><br> Civil Action No. 11-cv-5213 (DMC) (MF) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendants Kathleen Sebelius, Secretary United States Department of Health and Human service, Highmark Medicare Services, Inc., and Safeguard Services, LLC (collectively "Defendants") Motion to Dismiss Mandamus Complaint (Jan. 24, 2013, ECF No. 55). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' Motion is **granted.**

I. **BACKROUND**[1]

Nationwide is a New Jersey ambulance service provider headquartered in Cranford, New Jersey. SafeGuard is a Delaware Limited Liability Company and Medicare contractor headquartered in Miramar, Florida. Nationwide renders non-emergency, scheduled, repetitive

---

[1] The facts are well known to the parties. This section is taken from the parties pleadings.

1

ambulance services to dialysis patients for transportation between their residences and the nearest dialysis center for dialysis therapy. Initial payments for services under Medicare are ordinarily made as long as the claim contains no irregularities on its face. SafeGuard is a designated Program Safeguard Contractor ("PSC") specifically contracted to review and investigate claims with a focus on preventing fraudulent claims or claims resulting from errors in processing. SafeGuard serves as an intermediary between a service provider, such as Nationwide, and a Medicare Administrative Contractor ("MAC") such as Highmark Medicare Services ("Highmark"). Highmark determines overpayments and underpayments to suppliers and is the party who actually makes payments on claims. Nationwide argues that SafeGuard interfered with their right to receive Medicare payments from Highmark. Nationwide had, at points, been receiving reimbursement payments regularly from Highmark under the Medicare program. On January 13, 2011, CMS notified Nationwide that "the PSC for New York and New Jersey" would be conducting a "pre-payment process... to ensure that all payments made by the Medicare program are appropriate and consistent with Medicare policy" (the "pre-payment audit"). As of September 20, 2011, 950 claims had been reviewed by SafeGuard as part of the pre-payment audit. (Ilg Cert. ¶ 15, Sept.13, 2011; Baldwin Cert. ¶ 35, Sept. 26, 2011). Of 950 claims, 875 had been denied (92.1%) by Highmark based on SafeGuard's recommendation. Id.

Previously, in 2008, Nationwide underwent a pre-payment audit resulting in denial of claims for want of evidence beyond a physician's Certificate of Medical Necessity ("CMN"). Plaintiffs brought suit alleging that denial of claims was unfounded and violative of federal statutes guiding medicare payments (Docket No. 11-cv-5213) (hereinafter, the "First-Filed Action"). In part because Plaintiff conceded that administrative remedies on appeal had not been exhausted, this Court found that it lacked jurisdiction to consider Plaintiff's claims.

On September 9, 2011, Nationwide filed a complaint against Medicare's PSC, Safeguard Services, asserting state law tort claims against it for insisting on reviewing documentation in addition to physician certifications in determining the medical necessity of Nationwide's ambulance services during a prepayment review. Plaintiff sought an injunction and recovery of damages against Safeguard (the "First Complaint;" see 11-CV-5213 (DMC)). The United States Attorney's Office, District of New Jersey, appearing for Safeguard, opposed the preliminary injunction and crossmoved to dismiss and for summary judgment. On October 7, 2011, this Court issued an Order and Opinion denying Nationwide's motion, finding that the Court lacked subject matter jurisdiction. Accordingly, the Court granted Safeguard "leave to renew and resubmit the cross-motion to dismiss and for summary judgment.

On October 11, 2011, Safeguard renewed its motion to dismiss for lack of subject matter jurisdiction. On November 21, 2011, Nationwide filed a brief opposing Safeguard's motion to dismiss and cross-moving for leave to amend the complaint. Specifically, citing Federal Rule of Civil Procedure 15, Nationwide sought the Court's permission to file an amended complaint to allege a cause of action against the Secretary of HHS and CMS for mandamus

On December 23, 2011, Safeguard filed a reply in further support of the motion to dismiss and in opposition to Nationwide's motion to amend. With regard to the cross-motion to amend, Safeguard argued that Nationwide's proposed amendment would be futile because the mandamus claim sought injunctive relief and not enforcement of a non-discretionary duty of the Secretary.

After the cross-motions were fully briefed and pending, Plaintiff filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), seeking dismissal without prejudice. Before Safeguard had the opportunity to respond, on January 31, 2012, the

3

Court issued an order dismissing the action without prejudice.

On February 13, 2012, two weeks after this Court's order granting the voluntary dismissal, Plaintiff filed this complaint against Safeguard, HHS and Highmark "for relief in the nature of mandamus" (The "Second Complaint in Mandamus;" see 12-CV-0830). The relief sought in this Second Complaint in Mandamus is precisely the relief Nationwide sought through the cross-motion to amend the First Complaint and which Safeguard opposed as futile in briefing before this Court. Defendant filed a motion to stay the action pending its request that the first action be reopened and both complaints be consolidated, which request was granted on August 22, 2012.

In the interim, Nationwide filed two additional complaints, and stated its intent to file additional complaints in the future. The third such complaint, filed on August 1, 2012, and originally docketed as 2:12-CV-04293-JLL (the "Third Complaint"), seeks judicial review of final decisions of the Secretary following administrative review of Highmark's denial of its claims pursuant to 42 U.S.C. § 405(g). This Third Complaint was consolidated into this action on September 12, 2012. Nationwide's fourth complaint, filed on October 1, 2012, and docketed as 2:12-CV-06147-FSH (the "Fourth Complaint"), also seeks judicial review of final decisions of the Secretary following administrative review.

Both the Third and Fourth complaints contend, as this Second Complaint in Mandamus does, that CMS's regulation at 42 C.F.R. § 410.40(d)(2) requires the Secretary and her contractors to limit their review of the medical necessity of nonemergency, scheduled, repetitive ambulance services to physician certifications submitted by Plaintiff, to the exclusion of any other documentation.

On July 24, 2013, this Court entered an Order that the parties consent to the dismissal of the

Third and Fourth Complaints without prejudice. (ECF No. 69). The present Motion to Dismiss was filed on January 24, 2012 (ECF No. 55, Def.'s Br.). Plaintiff opposed the motion (Apr. 8, 2013, ECF No. 62, Pl.'s Opp'n Br.), and Defendant filed a reply (June 7, 3013, ECF No. 66, Def.'s Reply).

**II.      STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject jurisdiction over the subject matter" of a case. Plaintiff bears the burden of demonstrating subject matter jurisdiction. See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . Determining whether a complaint states a plausible claim for relief will. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not

"show[n]" - "that the pleader is entitled to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

**III.   DISCUSSION**

Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary cases." Cheney v. United States, 542 U.S. 367, 379 (2004); Will v. United States, 389 U.S. 90 (1967); Ex Parte Fahey, 332 U.S. 258, 260 (1947). The Third Circuit has repeatedly emphasized that writs of mandamus may be granted only in extraordinary circumstances. See Grant v. Shalala, 989 F.2d 1332, 1342 (3d Cir. 1993); In re School Asbestos Litigation, 921 F.2d 1310 (3d Cir. 1990), cert. denied, 499 U.S. 976 (1991). Three conditions must be satisfied before a writ of mandamus may issue.

First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires. Norton v. Southern Utah, 542 U.S. 55 (2004); Cheney, 542 U.S. at 380-81; Heckler v. Ringer, 466 U.S. 602 (1984). When plaintiff has an adequate remedy to redress the alleged violations under the Social Security Act, mandamus relief is not available. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 27-28 (1943) ("Ordinarily, mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed or to review an appealable decision of record"); Heckler, 466 U.S. 602 (mandamus is not available in that plaintiffs clearly have an adequate remedy in [Section] 405(g) for challenging all aspects of the Secretary's denial of their claims for payment"); Lifestar Ambulance Service, Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004), cert. denied, 543 U.S. 1050 (2005).

Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable. Norton, 542 U.S. 55; Cheney, 542 U.S. at 380-81; Heckler, 466 U.S. 602. The mandamus remedy is limited to enforcement of "a specific, unequivocal

"show[n]" - "that the pleader is entitled to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

**III.   DISCUSSION**

Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary cases." Cheney v. United States, 542 U.S. 367, 379 (2004); Will v. United States, 389 U.S. 90 (1967); Ex Parte Fahey, 332 U.S. 258, 260 (1947). The Third Circuit has repeatedly emphasized that writs of mandamus may be granted only in extraordinary circumstances. See Grant v. Shalala, 989 F.2d 1332, 1342 (3d Cir. 1993); In re School Asbestos Litigation, 921 F.2d 1310 (3d Cir. 1990), cert. denied, 499 U.S. 976 (1991). Three conditions must be satisfied before a writ of mandamus may issue.

First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires. Norton v. Southern Utah, 542 U.S. 55 (2004); Cheney, 542 U.S. at 380-81; Heckler v. Ringer, 466 U.S. 602 (1984). When plaintiff has an adequate remedy to redress the alleged violations under the Social Security Act, mandamus relief is not available. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 27-28 (1943) ("Ordinarily, mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed or to review an appealable decision of record"); Heckler, 466 U.S. 602 (mandamus is not available in that plaintiffs clearly have an adequate remedy in [Section] 405(g) for challenging all aspects of the Secretary's denial of their claims for payment"); Lifestar Ambulance Service, Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004), cert. denied, 543 U.S. 1050 (2005).

Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable. Norton, 542 U.S. 55; Cheney, 542 U.S. at 380-81; Heckler, 466 U.S. 602. The mandamus remedy is limited to enforcement of "a specific, unequivocal

"show[n]" - "that the pleader is entitled to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

**III.   DISCUSSION**

Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary cases." Cheney v. United States, 542 U.S. 367, 379 (2004); Will v. United States, 389 U.S. 90 (1967); Ex Parte Fahey, 332 U.S. 258, 260 (1947). The Third Circuit has repeatedly emphasized that writs of mandamus may be granted only in extraordinary circumstances. See Grant v. Shalala, 989 F.2d 1332, 1342 (3d Cir. 1993); In re School Asbestos Litigation, 921 F.2d 1310 (3d Cir. 1990), cert. denied, 499 U.S. 976 (1991). Three conditions must be satisfied before a writ of mandamus may issue.

First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires. Norton v. Southern Utah, 542 U.S. 55 (2004); Cheney, 542 U.S. at 380-81; Heckler v. Ringer, 466 U.S. 602 (1984). When plaintiff has an adequate remedy to redress the alleged violations under the Social Security Act, mandamus relief is not available. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 27-28 (1943) ("Ordinarily, mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed or to review an appealable decision of record"); Heckler, 466 U.S. 602 (mandamus is not available in that plaintiffs clearly have an adequate remedy in [Section] 405(g) for challenging all aspects of the Secretary's denial of their claims for payment"); Lifestar Ambulance Service, Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004), cert. denied, 543 U.S. 1050 (2005).

Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable. Norton, 542 U.S. 55; Cheney, 542 U.S. at 380-81; Heckler, 466 U.S. 602. The mandamus remedy is limited to enforcement of "a specific, unequivocal

command," or the ordering of a "precise definite act" about which an official has "no discretion whatever." Norton, 542 U.S. at 63; Wilbur v. United States, 281 U.S. 206, 218 (1930). A nondiscretionary duty is a legal duty which is a "specific, plain ministerial act" that is "devoid of the exercise of judgment or discretion." An act is ministerial only when its performance is "positively commanded" and "so plainly prescribed as to be free from doubt." Harmon Cove Condominium Ass'n v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987); Naporano Metal & Iron Co. v. Secretary of Labor, 529 F.2d 537, 542 (3d Cir. 1976); Advanced Medical Technologies v. Shalala, 974 F. Supp. 417 (D. N.J. 1997).

Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. Norton, 542 U.S. 55; Cheney, 542 U.S. at 380-81; Heckler, 466 U.S. 602. Courts always retain the discretion to grant or deny mandamus because of the extraordinary nature of the remedy.

Due to the extraordinary nature of the remedy, and Plaintiff's failure to satisfy the three conditions for mandamus, the complaint must be dismissed. First and foremost, there is a clear alternative remedy for relief, which as Defendants point out, "Plaintiff has already demonstrated by raising the precise arguments it raises herein during its administrative appeal of claims denials and in its First Complaint as well as in its Third and Fourth Complaints that appeal from final decisions of the Secretary following administrative review." (Def.'s Br. 17). Pursuant to the Medicare Act, there exists a clear alternative avenue for relief, and as Plaintiff has failed to exhaust its administrative remedies, this Court does not have subject matter jurisdiction. Plaintiff has furthermore failed to identify a clear, nondiscretionary duty of the Secretary. This Court agrees with Defendants that the plain language of 42 C.F.R. § 410.40(d)[2] does not support the

---

[2] The special rule at 42 C.F.R. § 410.40(d)(2) states as follows: "Medicare covers medically necessary nonemergency, scheduled, repetitive ambulance services if the ambulance provider or supplier, before furnishing the

7

existence of a clear, nondiscretionary duty of the Secretary to make medical necessity determinations based solely upon a physician's certification and without reviewing any medical documentation. The regulation does not mention a "safe harbor," or an "exception" to the "general rule," nor does it state that this so-called "safe harbor exception" "relieves" providers of its responsibility to demonstrate medical necessity through supporting documentation other than a physician certification. See 42 C.F.R. § 410.40(d)(1), (2). Finally, as this Court has discretion to grant or deny mandamus due to the extraordinary nature of the remedy, dismissal is entirely appropriate.

The Court also notes that Plaintiff's Opposition Brief does not address the requirements for a mandamus complaint. (See Pl.'s Opp'n Br.).

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is granted/denied An appropriate Order accompanies this Opinion.

/s/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date: Sept 3, 2013
Original: Clerk's Office
cc: Hon. Mark Falk, U.S.M.J.
All Counsel of Record
File

---

service to the beneficiary, obtains a written order from the beneficiary's attending physician certifying that the medical necessity requirements of paragraph (d)(1) are met. The physician's order must be dated no earlier than 60 days before the date the service is furnished."